UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERRIL PORTERFIELD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:20-CV-1443 SRW |
| KILOLO KIJAKAZI, Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion filed by Kelsey Young of Parmele Law Firm for an award of attorney's fees under 42 U.S.C. § 406(b). ECF No. 30. The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Ms. Young requests attorney's fees in the amount of $46,979.06. The Commissioner filed a response asserting that the amount requested is unreasonable and should be reduced. ECF No. 31. For the following reasons, the Court will grant Ms. Young's request.

### Background

On October 7, 2020, Plaintiff filed a Complaint seeking review of the Commissioner's decision that Plaintiff was not under a disability within the meaning of the Social Security Act. ECF No. 1. The Commissioner filed his answer and the transcript of the administrative proceedings. ECF Nos. 15, 16. Plaintiff filed a brief in support of the complaint on June 9, 2021, asserting two grounds for error. ECF No. 17.

In response to the Complaint, the Commissioner filed a Motion to Reverse and Remand the case for further action under sentence four of section 205(g) of the Social Security Act,

which permits the Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner represented that remand was necessary to "reevaluate the medical opinion evidence in accordance with 20 C.F.R. § 416.920c, take further action to complete the administrative record, and issue a new decision." ECF No. 22 at 1. Upon review of Plaintiff's brief in support of her complaint, the ALJ's decision, and the Commissioner's motion, the Court reversed and remanded pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for further proceedings. ECF No. 25.

On November 29, 2021, Plaintiff's attorney, Kelsey Young, filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 and a separate motion for bill of costs. ECF Nos. 26, 27. Ms. Young sought attorney's fees in the amount of $4,776.50. The amount was based on multiplying 23.30 hours of attorney time by a rate of $205.00 per hour. Plaintiff requested compensation at the statutory hourly rate of $125.00, plus a cost-of-living adjustment pursuant to 28 U.S.C. § 2412(d), for a total hourly fee of $205.00. Ms. Young also sought reimbursement for the $400.00 filing fee. The Commissioner had no objection to the requests or the amounts. Thus, on December 6, 2021, the Court granted Ms. Young's motion for attorney's fees in the amount of $4,776.50 and reimbursement of the filing fee in the amount of $400.00.

**Motion for Attorney's Fees under 42 U.S.C. § 406(b)**

On May 23, 2023, Ms. Young filed the instant motion for an award of attorney's fees under 42 U.S.C. § 406(b). ECF No. 30. She asserts that after remand, the ALJ issued a favorable decision finding Plaintiff disabled as of the alleged onset date. *See* ECF No. 30-1 at 1-8. As a

2

result, Plaintiff was awarded $216,716.23 in past-due benefits under Title II of the Social Security Act. *See* ECF No. 30-4 at 3. To support the motion, Ms. Young refers to the "Fee Agreement for Representation in United States District Court," which Plaintiff signed on October 2, 2020. The Agreement states in pertinent part:

> 3. I agree that should I receive my benefits from the Administration after winning a remand or reversal from the United States District Court my attorney is entitled to 25% of my back pay for work performed in front of the United States District Court. I further acknowledge that should my attorney receive fees pursuant to § 406(b), I will be refunded the lesser amount of either the § 406(b) fees or the fees collected under 28 U.S.C. § 2412.

ECF No. 30-5. Ms. Young indicates that, to date, she has received $7,200 for work performed before the Social Security Administration. *See* ECF No. 3-1 at 3. She now seeks reimbursement in the total amount of $46,979.06 ($54,179.06 minus $7,200 previously awarded) for the work she performed on Plaintiff's successful Social Security appeal. The Commissioner responds claiming that the amount is unreasonable.[1]

## Legal Standard

Under the Social Security Act, a court that renders a judgment favorable to a Title II claimant may award reasonable attorney's fees not to exceed 25% of the total of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). "[N]o other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Id.* If an attorney charges or collects any other type of fee for service governed by this paragraph, the attorney "shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both." § 406(b)(2).

---

[1] "The Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (citations omitted).

The United States Supreme Court consider the payment of attorney's fees under §406 in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). The Court considered:

> What is the appropriate starting point for judicial determinations of "a reasonable fee for [representation before the court]"? [citing § 406(b)]. Is the contingent-fee agreement between claimant and counsel, if not in excess of 25 percent of past-due benefits, presumptively reasonable? Or should courts begin with a lodestar calculation (hours reasonably spent on the case times reasonable hourly rate) of the kind we have approved under statutes that shift the obligation to pay to the loser in the litigation?

*Id.* at 792.

The Court noted, "Given the prevalence of contingent-fee agreements between attorneys and Social Security claimants, it is unlikely that Congress, simply by prescribing 'reasonable fees,' meant to outlaw, rather than to contain, such agreements." *Id.* at 805. *Gisbrecht* also found it unlikely that in 1965, when Congress provided for "a contingent fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later." *Id.* at 806. As the Court observed, the lodestar method was designed to regulate the imposition of attorney's fees against the losing party. In those cases, "nothing prevents the attorney for the prevailing party from gaining additional fees, pursuant to contract, from his own client." *Id.*

*Gisbrecht* rejected the lodestar approach and held that "§406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.

In determining whether a requested fee amount is reasonable, the court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. The

4

Court may reduce the fee award when the representation is deficient, when counsel delayed the proceedings to increase the benefits from which the fee was payable, or when the "benefits are large in comparison to the amount of time counsel spent on the case." *Id.* Additionally, when there is an award of attorney's fees under both Section 406(b) and the EAJA, then the plaintiff's attorney must refund to the client the amount of the smaller fee. *Id.* at 796.

## Discussion

Plaintiff received $216,716.23 in total past-due benefits after being represented by Ms. Young. ECF No. 30-4 at 3. Plaintiff's attorney's fee agreement entitles Ms. Young to 25% of the past-due benefits, or $54,179.06. ECF No. 30-5; 30-4 at 3. As Ms. Young previously received $7,200 for her services before the Commission, Ms. Young seeks $46,979.06 ($54,179.06 minus $7,200 previously awarded). *See* ECF No. 30-1 at 9. Ms. Young acknowledges that if she receives this attorney's fee, she must refund the previously awarded attorney's fee awarded under the EAJA to Plaintiff. *Id.* at 13. Therefore, Plaintiff will ultimately pay $42,202.56 to her attorney ($46,979.06 - $4,776.50). The requested fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." § 406(b)(1)(A). The Court finds Ms. Young's attorney's fee request to be in accordance with her written contract with Plaintiff, and is in compliance with § 406(b)(1)(A) as her fee request does not exceed 25% of the total of the past-due benefits awarded. However, § 406(b) requires the Court to review the fee agreement as an "independent check" to assure the fee yields a reasonable result in this case. *Gisbrecht*, 535 U.S. at 807.

In justifying the reasonableness of this fee, Ms. Young states that she undertook a risk when she agreed to represent Plaintiff because successful results in Social Security disability appeals are statistically low, and Plaintiff's own case had already been denied at multiple levels

5

of agency review prior to the initiation of the civil action. Ms. Young further highlights her decade of experience and expertise in handling Social Security disability cases, and the effective and efficient representation she provided in this case.

Plaintiff acknowledges her request amounts to an hourly rate of $2,016.27 per hour ($46,979.06 divided by 23.3 hours). The Court notes that after counsel reimburses Plaintiff $4,776.50 for the EAJA payment, the hourly rate is reduced to $1,811.27 per hour ($42,202.56 divided by 23.3 hours). Ms. Young notes that "Plaintiff will receive not only past-due benefits wrongly denied but also ongoing Title II benefits until [s]he dies, reaches retirement age, or becomes no longer disabled," thus, "the value to the Plaintiff of this civil action is not limited to the past-due benefits [s]he receives." *Id.* at 11.

The Court must independently check to make sure the attorney's fee request is reasonable in light of the Supreme Court's decision in *Gisbrecht*. The Supreme Court first directs the reviewing court to consider "the character of the representation and the results the representative achieved." 535 U.S. at 808. After a long and unsuccessful battle with her Social Security disability claim, Plaintiff retained Ms. Young to represent her before the United States District Court. Plaintiff agreed to the twenty-five percent contingent-fee payment arrangement when she signed the Fee Agreement. The Fee Agreement comports with Section 406(b)'s requirements because it limits the award to twenty-five percent of the total past-due benefits awarded. The Supreme Court has noted that contingency agreements for the statutory maximum of twenty-five percent "are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht*, 535 U.S. at 800. Nothing suggests the agreement in this case was unreasonable when entered.

6

The Commissioner argues that Ms. Young would unfairly benefit due to Plaintiff's prior record of strong earnings and because Plaintiff, prior to Ms. Young's representation, filed her application well after her onset of disability (allowing for more time to accrue in which she was entitled to benefits). The Court does not agree. Both Plaintiff and Ms. Young were aware at the time they executed the Fee Agreement that Plaintiff earned a respectable income prior to becoming disabled. Both parties knew that delay in Plaintiff's initial filing date could, if successful, lead to a significant award of past-due benefits. Nothing in the record suggests that Ms. Young only agreed to represent Plaintiff because of the potentially large past-due benefits award. Nothing suggests Ms. Young in any way took advantage of Plaintiff at the time the parties entered into the Fee Agreement. The Court finds it would be unfair to penalize Ms. Young from receiving the benefit of her bargain with Plaintiff by paying her less than the amount Plaintiff agreed to pay in the Fee Agreement, simply because of the nature of Plaintiff's previous employment or the date Plaintiff chose to originally file her application for benefits. Ms. Young did not represent Plaintiff at the time she made that decision. By denying Ms. Young the benefit of her fee agreement with Plaintiff, any funds denied to Ms. Young would in turn be awarded to Plaintiff who chose the date to file her initial claim. Section 460(b) and the Supreme Court both uphold "the primacy of lawful attorney-client fee agreements" between Social Security benefits claimants and their counsel. *Gisbrecht*, 535 U.S. at 793. This Court finds "the character of the representation" was reasonable and lawful.

Next the Court must consider "the results the representative achieved." 535 U.S. at 808. Ms. Young competently represented Plaintiff and achieved a very successful final result for her client. The record in this matter was a lengthy 2,724 pages, which counsel thoroughly reviewed

7

in order to present a sixteen-page brief asserting two points of error to this Court, in addition to a ten-page statement of facts. There is no evidence in the record or allegation from the Commissioner that Ms. Young was responsible for any significant or undue delays. Further, as Ms. Young points out in her motion, she undertook a risk when she accepted Plaintiff's Social Security appeal as it had already been rejected multiple times. Ms. Young accepted the representation of the case at a time when Plaintiff's claim had been determined to be worth nothing. Ms. Young's representation of Plaintiff resulted in an award of past-due benefits worth $216,716.23.

This level of success is not a typical result in a Social Security disability case. In this District, approximately 35% of the Social Security disability cases are remanded. Obviously, not all remanded cases receive an award of past-due benefits. In 65% of the Social Security disability cases filed in the Eastern District of Missouri, the ALJ's denial of benefits is affirmed, leaving the plaintiffs without benefits and plaintiffs' counsel with no possible attorneys fee. The Court finds the results achieved under Ms. Young's representation demonstrate the requested attorney's fee is reasonable. The Court finds Ms. Young's representation was not substandard or deficient. Nor did counsel delay the proceedings or take any other action to increase the potential benefits from which the fee was payable.

Next the Court must consider whether the "benefits are large in comparison to the amount of time counsel spent on the case" and should "disallow 'windfalls for lawyers.'" *Gisbrecht,* 535 U.S. at 808 (quoting *Rodriquez v. Bowen,* 865 F.2d 739, 746-47 (6th Cir. 1989) (en banc)). In such cases, "a downward adjustment is … in order." *Id.* The Commissioner suggests an hourly rate of $2,016 appears excessive. ECF No. 31 at 2.

8

The Court initially considered an hourly rate of approximately $2,000 per hour to be excessive; however, that is not the end of the analysis. *Gisbrecht* rejected the application of a lodestar calculation - hours spent on the case times a normal hourly rate. The Court warned that considering the hours spent representing the claimant and the attorney's normal hourly billing rate, must not serve as "a basis for satellite litigation." *Gisbrecht,* 535 U.S. at 808.

The Fifth Circuit Court of Appeals considered this issue in *Jeter v. Astrue*, 622 F.3d 371, 380 (5th Cir. 2010). *Jeter* found that "the *Gisbrecht* Court's reference to windfall leaves room for consideration of an effective hourly fee rate, but only so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." 622 F.3d at 380. "[W]e do not read *Gisbrecht*'s "windfall" as support for the proposition that experienced, competent counsel should be punished for accomplishing an arduous task in a shorter span of time than less-experienced, less-aggressive counsel." *Id.* at 380–81. If the claimant's success can be attributed to counsel's work before this Court, then "that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." *Id.* at 381. *Jeter* concluded "courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding." *Id.* (emphasis original). The fee award cannot result in a windfall unless the court "can articulate additional, specific factors to demonstrate that the resulting high fee was unearned by the attorney-and thus not attributable to the attorney's representation of the client before the court." *Id.* at 382. "[A]n excessively high hourly rate alone

9

does not render an otherwise reasonable fee unreasonable. *Gisbrecht* commands no more and no less. *Id.* This Court does not find Ms. Young's fee to be "unearned."

In *Roark v. Barnhart*, 221 F. Supp. 2d 1020, 1023 (W.D. Mo. 2002), the court noted the Supreme Court listed the following factors to be considered by courts in determining whether attorney's fees are reasonable:

- The time and labor required.
- The novelty and difficulty of the questions involved.
- The skill requisite to perform the legal service properly.
- The preclusion of other employment by the attorney due to the acceptance of the case.
- The customary fee.
- Whether the fee is fixed or contingent.
- Time limitations imposed by the client or the circumstances.
- The amount involved and the results obtained.
- The experience, reputation and ability of the attorney.
- The undesirability of the case.
- The nature and length of the professional relationship with the client.
- Awards in similar cases.

*Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983) (a civil rights case). *Roark* found that these factors are generally accepted as being relevant to social security disability cases. *Id.* (citations omitted).

This Court finds none of these factors suggest the fee requested in this case is unreasonable. While the time and labor required on this particular case were not extensive, the fee was contingent on counsel's success. The Court further notes Ms. Young brings a significant level of experience and ability in representing plaintiffs in Social Security cases in federal court. Ms. Young has represented 126 Social Security disability claimants in the Eastern District of Missouri. Ms. Young's success in representing Plaintiff in this case was achieved, not just in the

10

23.3 hours she spent working on the case at bar, but in countless hours she has spent litigating over one hundred and twenty similar cases.

The fee Ms. Young seeks to collect is "the customary fee," as dictated by Congress. The Supreme Court indicated that twenty-five percent contingent fee agreements "are the most common fee arrangement between attorneys and social security claimants." *Gisbrecht*, 535 U.S. at 800. Counsel's request for a fee of $46,979.06 as a contingency fee from a $216,716.23 disability award is not unreasonable for Social Security cases, as other similar cases have awarded comparable results. *See, e.g.*, *Kirby v. Berryhill*, 2017 WL 5891059 (N.D. Ill. Nov. 29, 2017) (approving attorney's fees in the amount of $45,672.20); *Massie v. Colvin*, 2016 WL 4926443 (D. Minn. Aug. 31, 2016), *report and recommendation adopted*, 2016 WL 4925782 (D. Minn. Sept. 15, 2016) (approving attorney's fees in the amount of $37,095.50); *Smith v. Astrue*, 2008 WL 2609443 (D. Minn. June 24, 2008) (approving attorney's fees in the amount of $30,066.50); *Long v. Saul*, 2021 WL 2588110 (N.D. Ind. June 24, 2021) (approving a total fee of $21,742 and noting that an hourly rate of $1,711.96 is within the range of rates approved by courts).

In sum, in light of the contingent nature of Social Security litigation, the work performed and the results achieved in this particular case, Ms. Young's experience and ability achieved in over one hundred similar cases, and the benefit Plaintiff will receive, not only in a large past-due benefits payment, but also in ongoing future payments, Ms. Young's diligence and lack of delay, all demonstrate that the attorney's fee requested is reasonable and does not result in an unearned windfall to counsel. Therefore, the Court finds that an award of attorney's fees in the amount of $46,979.06 is reasonable in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Attorney's Motion for an Award of Attorney's Fees under 42 U.S.C. § 406(b) [ECF No. 30] is **GRANTED**. Plaintiff's counsel is awarded attorney's fees under 42 U.S.C. § 406(b) in the amount of $46,979.06.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund Plaintiff the amount previously awarded under the EAJA.

So Ordered this 5th day of September, 2023.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE